IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSAN VINEYARD,<br><br>    Plaintiff/Counter-defendant,<br><br>vs.<br><br>STAPLES THE OFFICE SUPERSTORE LLC d/b/a Staples,<br><br>    Defendant. | Case No. 3:13-cv-528-JPG-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motions for summary judgment filed by defendant Staples The Office Superstore, LLC ("Staples) (Doc. 31). Plaintiff Susan Vineyard has responded to the motion (Doc. 35), and Staples has replied to that response (Doc. 36).

**I.    Summary Judgment Standards**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed.

R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

**II.    Facts**

The relevant evidence, viewed in Vineyard's favor, establishes the following relevant facts. In late December 2012, Carbondale, Illinois, suffered a lot of wintry weather. Between December 26 and 29, it received 14 inches of snow, ice pellets and/or hail. Defendant Staples, which operates a business in Carbondale, arranged for its Carbondale parking lot to be cleared on December 26 and 29. It did not, however, inspect the parking lot after it was plowed to detect or remove any remaining ice. On December 30, plaintiff Vineyard slipped and fell on a 3- to 4-foot patch of ice in the parking lot and was injured.

In April 2013, Vineyard filed a negligence suit against Staples in the Circuit Court of

Jackson County, Illinois. She alleges Staples' negligence allowed an unnatural accumulation of ice to form in its parking lot. Staples removed the case to federal court several months later and now asks the Court to grant it summary judgment on the basis that Vineyard cannot establish the ice she slipped on was the result of an unnatural accumulation of ice caused, at least in part, by Staples. In response, Vineyard argues that Staples was negligent in its inspection of the parking lot after it was cleared and in ensuring the snow was removed in a reasonable manner.

### III.     Analysis

Under Illinois law, which governs this case, property owners have no duty to clear naturally accumulating snow and ice from their property. *Ziencina v. County of Cook*, 719 N.E.2d 739, 744 (Ill. 1999); *Graham v. City of Chicago*, 178 N.E. 911, 912 (Ill. 1931). Therefore, the property owners cannot be liable for injuries caused merely by naturally accumulating snow and ice. *Graham*, 178 N.E. at 912; *Ordman v. Dacon Mgmt. Corp.*, 633 N.E.2d 1307, 1311-12 (Ill. App. Ct. 1994). However, a property owner can be liable for injuries caused by an unnatural accumulation of snow or ice on his property of which he knows or should know. *Graham*, 178 N.E. at 913; *Ordman*, 633 N.E.2d at 1312. Such an unnatural accumulation may occur as a result of a property owner's efforts at snow or ice removal. A property owner may also be liable if he voluntarily takes steps to remove snow and ice from his property but does not exercise reasonable care or creates an unnatural accumulation in doing so. *Madeo v. Tri-Land Prop., Inc.*, 606 N.E.2d 701, 702 (Ill. App. Ct. 1992) (allegation that snow pile by inclined surface melted, ran off and refroze into patch of ice); *William v. Alfred N. Koplin & Co.*, 448 N.E.2d 1042, 1047 (Ill. App. Ct. 1983) (issue of fact whether path shoveled on stairway out of reach of handrail was negligent). However, "mere removal of snow, which may leave a natural ice formation remaining on the premises does not of itself constitute negligence." *Kiel v.*

*City of Girard*, 654 N.E.2d 1101, 1104 (Ill. App. Ct. 1995) (quotations omitted); *accord Williams*, 448 N.E.2d at 1046.

Where the plaintiff alleges that an unnatural accumulation of ice led to an injury, she can survive a motion for summary judgment only if she can present some evidence that an unnatural accumulation was created or aggravated by the defendant and that the defendant had actual or constructive knowledge of the unnatural accumulation. *Bloom* at 123-24; *Crane v. Triangle Plaza, Inc.*, 591 N.E.2d 936, 941-42 (Ill. App. Ct. 1992). Furthermore, in an ice slip-and-fall case, "the plaintiff's belief as to how the ice formed [does] not constitute a sufficient 'factual basis [for her] assertion that the ice was created by an unnatural accumulation. . . .'" *Madeo*, 606 N.E.2d at 704 (quoting *Crane*, 591 N.E.2d at 942). In other words, the plaintiff must offer evidence of a nexus between the defendant and the condition that allegedly caused the accident. *Crane*, 591 N.E.2d at 940.

In this case, Vineyard has not presented a theory how – much less any evidence that – the ice on which she slipped was an unnatural accumulation or that it was created or aggravated by Staples. Instead, she simply states that a patch of ice existed after the lot was cleared and she slipped on it. She presented no evidence that the ice patch was caused in any way by Staples or was anything other than a natural accumulation that was left after the lot was plowed. Thus, no reasonable jury could conclude that the ice on which she slipped resulted from an unnatural condition caused by or aggravated by Staples.

To the extent she implies Staples was negligent because it removed most of the snow and ice from the parking lot but allowed a natural accumulation of ice on which she slipped to remain, that argument fails as well. As noted above, it is not negligent to remove some snow but leave a natural accumulation of ice. *See Kiel*, 654 N.E.2d at 1104; *Williams*, 448 N.E.2d at 1046. There is simply no duty to remove all snow and ice if any snow and ice at all is removed.

*Schoondyke v. Heil, Heil, Smart & Golee, Inc.*, 411 N.E.2d 1168 (Ill. App. Ct. 1980), a case cited by Vineyard in support of her position, does not hold otherwise. In that case, the defendants assumed a contractual duty to clear natural accumulations of snow for residents of a condominium complex. *Id.* at 1171-72. The Court noted, however, that there was no such duty at common law. *Id.* The case at bar is firmly based in common law, which, as noted above, imposes no duty to remove natural accumulations of snow or ice. Consequently, the holding in *Schoondyke* is inapplicable to this case.

In sum, Vineyard has presented no evidence from which a reasonable jury could conclude that Staples created or aggravated any unnatural accumulation of ice or was negligent by failing to ensure the lot was cleared of ice. Thus, she cannot prove an essential element of her negligence case, and Staples is entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Staples' motion for summary judgment (Doc. 31) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: July 28, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
